```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MERCURY INDEMNITY COMPANY OF AMERICA, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-5302 (JBS/AMD) |
| v. | **MEMORANDUM OPINION** |
| RICHARD D. VIERECK, JR., | |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's motion for summary judgment [Docket Item 5] and Defendant's cross-motion for summary judgment [Docket Item 9].  The Court finds as follows:

1.  This matter arises out of an automobile accident that occurred on December 4, 2006.[1]  Defendant, Richard D. Viereck, Jr., a New Jersey resident, was driving a Dodge pick-up truck owned by his employer, the City of Woodbury, New Jersey, on a business errand.  He was rear-ended by another driver.  Defendant settled his liability claim against the other driver for the policy limits of her insurance.  Defendant also maintained a New Jersey personal auto insurance policy with Plaintiff, Mercury Indemnity Company of America, policy number NJA8147774, which provided underinsured motorist coverage.  Plaintiff is a Florida

---

[1]  The facts discussed in this opinion, where not otherwise indicated, are the facts in Plaintiff's Statement of Material Facts which are not disputed by Defendant.

corporation with a principal place of business in California. Defendant made a claim for bodily injury under the underinsured motorist portion of his personal insurance.

2. Defendant's insurance policy contains an exclusion such that it does not apply to "any motor vehicle furnished or available for regular or frequent use by you, a relative, a non-resident spouse or a person residing with you, unless such motor vehicle is listed on the declarations page or it qualifies as a newly acquired car." (Pl.'s Br. Supp. Summ. J., Ex-F, at 5.)

3. Plaintiff's complaint seeks declaratory relief in the form of a ruling that the insurance policy does not apply to Defendant's injuries experienced in the Dodge truck. It appears that this matter is justiciable under 28 U.S.C. § 2201. See Liberty Mut. Ins. Co. v. Sweeney, 216 F.2d 209, 210 (3d Cir. 1954). The Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332(a), and New Jersey law applies to the interpretation of Defendant's New Jersey Personal Auto Policy.

4. Both parties move for summary judgment, which requires a demonstration that the materials of record show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In examining each party's motion, the court must view the evidence in favor of the non-moving party by extending any

reasonable favorable inference to that party.  Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

    5.  Plaintiff's argument on summary judgment, mirroring the allegations in the Complaint, is that the policy exclusion for "regular use" applies to the Dodge truck.  In support of the claim that the Dodge was "available for regular or frequent use," Plaintiff cites Defendant's deposition testimony in which Defendant Viereck stated that the Dodge was for general use of city employees.  (Viereck Dep. June 22, 2009, 53:7-54:12.)  A few moments later in the deposition, however, Defendant explained that the Dodge was not the work vehicle assigned to him.  (Id. at 54:21-24.)  Defendant also provides an affidavit explaining that he was not permitted to use the Dodge without special permission, and that he has driven it only about three times in five years.  (Viereck Aff., ¶¶ 3-6.)  Defendant Viereck cross-moves for summary judgment, arguing that since the Dodge Truck was not available for his regular use, Plaintiff's complaint should be dismissed and that a declaratory judgment should be entered for Defendant declaring that Defendant is entitled to recover underinsured motorist benefits arising out of the accident of December 4, 2006.

    6.  Plaintiff's opposition to Defendant's cross-motion does not challenge the facts as Defendant explains them in his affidavit.  These undisputed facts are sufficient to warrant

summary judgment with respect to the "regular use" exclusion. The question with respect to that exclusion is not about how often Defendant actually used the vehicle, but about the scope of his permission to use it. See Fiscor v. Atlantic County Bd. of Chosen Freeholders, 679 A.2d 678, 681 (N.J. Super. Ct. App. Div. 1996), cert. denied, 147 N.J. 263 (1996) (analyzing a nearly identical insurance exclusion for vehicles "furnished or available for your regular use."). Even if the driver's actual use is infrequent, if he has unrestricted permission to use the vehicle at any time, then the vehicle is not covered by a policy containing this exclusion. Id. In this case, however, Defendant's uncontradicted affirmation is not only that he almost never drove the Dodge, but also that he was not permitted to use the Dodge without special permission. (Viereck Aff., ¶¶ 3-6.) Thus, he did not have the sort of "unrestricted right to use" the city vehicle as was found sufficient in Fiscor, 79 A.2d at 681-82. Any reasonable interpretation of the "regular use" exclusion requires the use to be something more than one-time special permission to use the vehicle; otherwise, the rule would apply to any circumstance in which the insured is driving an unlisted vehicle. See Waggoner v. Wilson, 507 P.2d 482, 485 (Colo. Ct. App. 1972) ("The potential use of the automobile [must] be to a substantial degree under the control of the insured" in order for it to be considered "available for [his] regular use.").

4

Therefore, Plaintiff's motion for summary judgment will be denied, and Defendant's cross-motion will be granted with respect to whether Plaintiff is entitled to declaratory relief on the basis of the regular use exclusion.  The Court holds and declares that the regular use exception in Plaintiff's policy of automobile insurance purchased by Defendant does not bar coverage for Defendant's accident on December 4, 2006.

    7.   Plaintiff raises a new issue in its brief replying to Defendant's opposition, which is also its brief opposing Defendant's cross-motion.  Plaintiff points to another exception in the insurance policy for vehicles with commercial lettering.  As support for Plaintiff's motion for summary judgment, the argument is procedurally improper because it is raised in the reply brief and Plaintiff's Complaint makes no mention of the facts underlying the argument.  See Kounelis v. Sherrer, 529 F. Supp. 2d 503, 527 n.11 (D.N.J. 2008).

    8.   The Court will consider the commercial lettering exclusion argument as timely opposition to Defendant's cross-motion because it identifies a plausible basis for declaratory relief other than the "regular use" issue, thus negating Defendant's request for declaratory relief as to application of the insurance policy generally.  The Court will determine whether, in light of this argument, Defendant has shown that the undisputed facts entitle Defendant to summary judgment with

respect to the application of the insurance policy.

9. The exclusion identified by Plaintiff in opposition is for "any motor vehicle equipped with commercial signage, advertising, or lettering." (Pl.'s Br. Supp. Summ. J., Ex-F, at 5.) Plaintiff points to the "City of Woodbury Public Works" stenciled on the side of the Dodge truck. The term "commercial" is not defined in the contract, but the phrase "commercial purpose" is defined as "the transportation of persons or property in the business, profession, or occupation of any insured, or for hire, compensation or profit, including but not limited to, delivery of food, newspapers, periodicals, packages or film." (Pl.'s Br. Supp. Summ. J., Ex-F, at 3.) The parties have identified no cases or regulations addressing the "commercial signage, advertising or lettering" clause, and the Court has found none.

10. The plain meaning of "commercial signage, advertising, or lettering" appears to the Court not to apply to a government vehicle's identification stencil. No evidence suggests that the City of Woodbury Public Works Department is engaged in commercial activity;[2] it is a municipality presumably supported by public

---

[2] Not surprisingly, the City of Woodbury Code provides in § 45-2 for the usual functions of its Public Works Department:
> There should be established in the city a Public Works Department which shall have the responsibility for the care and maintenance of streets, roads, avenues, public buildings and places, water and waste water, solid waste,

funding through taxation.  Thus, the City of Woodbury's Dodge truck does not bear "commercial lettering" when it simply says "City of Woodbury Public Works."  However, viewing the facts in the light most favorable to Plaintiff, as the Court must do in evaluating Defendant's cross-motion for summary judgment, the Court should consider whether there is a plausible argument that the word "commercial" as used in the contract involves something related to transporting oneself in one's work vehicle.  To reach such an interpretation, one must parse the definition of "commercial purpose" by emphasizing the third "or" as separating the entire first clause from the rest of the definition (e.g. "the transportation of persons or property in the business, profession, or occupation of any insured, <u>OR</u> for hire, compensation or profit, including but not limited to, delivery of food, newspapers, periodicals, packages or film."), and to largely ignore the private, for-profit connotation of the word being defined.  At most, this parsing of the definition to distill a definition of "commercial," which is then inserted into the phrase "equipped with commercial signage, advertising, or lettering," makes the application of the "commercial lettering" exclusion ambiguous, given the competing plausible

---

          motor vehicles and similar items related to
          the physical plant and infrastructure of the
          City of Woodbury.
City of Woodbury Code § 45-2 (Def. Reply Br., Ex-A).

interpretations.  This generous interpretation stretches the normal meaning of these words quite far in order to metamorphose municipal signage into commercial lettering.  Even if Plaintiff could thereby demonstrate an ambiguity, it is well settled in New Jersey that  where a contract term drafted in a form agreement for consumer insurance is ambiguous, the term should be interpreted against the drafter.  See, e.g., Voorhees v. Preferred Mut. Ins. Co., 607 A.2d 1255, 1260 (N.J. 1992).  Thus, either the plain meaning of "commercial . . . lettering" is inapplicable to the city's truck, ab initio, or it is ambiguous and should be interpreted against the drafter.  Either way, it appears to the Court that Plaintiff's argument is meritless, and Defendant is entitled to summary judgment with respect to the entire complaint.  Therefore Defendant's cross-motion for declaratory relief — that Defendant is entitled to recover underinsured motorist benefits arising out of the accident of December 4, 2006 — will be granted.

    11. Neither party has raised other provisions of the personal automobile insurance policy requiring the Court's attention.  Based upon consideration of all arguments upon these cross-motions, the Court finds that Defendant, Richard D. Viereck, Jr., is entitled to judgment as a matter of law declaring that he is entitled to recover underinsured motorist benefits under his insurance policy for the December 4th accident.

12.  It is unnecessary for Defendant to plead a counterclaim in order for the Court to award Defendant the opposite of the declaratory relief sought in the Complaint.  Federal Rule of Civil Procedure 54(c) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."  Indeed, at one time, such counterclaims seeking the inverse declaration of the one sought in the complaint would have been dismissed as redundant.  Charles Alan Wright, et al., 10B Fed. Prac. & Proc. Civ. § 2768 (3d ed.) (citing Forstner Chain Corp. v. Gemex Co., 1 F.R.D. 115 (D.N.J. 1940).  The only reason not to grant this relief in the absence of a counterclaim is concern that Plaintiff may have sought to resolve only one question as to coverage, and has not been put on notice of the need to raise any other arguments it might have regarding the coverage.  Such concern is doubly unwarranted here.  Notice that Defendant sought this declaration was provided in explicit terms by the cross-motion.  As a result, Plaintiff actually raised a new argument as to coverage in its opposition to the cross-motion.  Moreover, concern that Plaintiff may have intended to litigate only a piece of the coverage issue is belied by New Jersey's entire controversy doctrine, which acts to prevent such piecemeal litigation.  See In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008).  To require Defendant to file a counterclaim in this

case would demand adherence to a hollow technicality to no functional end.

    13.  In summary, Plaintiff's motion for summary judgment will be denied, and Defendant's cross-motion will be granted. The undisputed facts show that neither of the exclusions identified by Plaintiff apply in this case, and Plaintiff raises no other issue of coverage, so Defendant is entitled to recover underinsured motorist benefits arising out of the accident of December 4, 2006.  The accompanying order will be entered.


| **May 17, 2010** | **s/ Jerome B. Simandle** |
|---|---|
| Date | JEROME B. SIMANDLE |
| | United States District Judge |